UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X

TYREEK SHUFORD,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION AND
CORRECTIONAL OFFICER AKEEM CARDOZO,
Badge # 7485, CORRECTIONAL OFFICER
PHANES NERVIL Badge # 3201,

                  Defendants.
-----------------------------------------------X

Case No.:

**VERIFIED COMPLAINT**

    The plaintiff, complaining by and through his attorney ROGER VICTOR ARCHIBALD, PLLC, as and for his complaint against the above-named defendants, alleges the following upon information and belief:

1. That at all times herein mentioned plaintiff TYREEK SHUFORD was and still is a resident of Kings County, City and State of New York.

2. That at all times herein mentioned defendants THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF CORRECTION were and still are domestic corporations, duly organized and existing under and by virtue of the Laws of the State of New York.

3. That this action arises under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections §1981 and § 1983.

4. That this Court has jurisdiction under the provisions of Title 8 of the United States Code, Sections § 1331 and § 1338.

5. The defendant City of New York (the "City") is a municipal corporation that oversees the operations of the jails located on Rikers Island where the Plaintiff Inmate was incarcerated during the relevant times herein.

6. Defendant New York City Department of Correction("DOC") manages and operates the jail where the Plaintiff Inmate was incarcerated. The City and DOC are responsible for the safety, care, custody and control of the inmate Plaintiff.

7. That at all times herein mentioned defendant correctional Officers Akeem Cardozo Badge # 7485 and Phanes Nervil Badge # 3201, were and still are employees of the New York City Department of Corrections, a domestic corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

8. At all relevant times, the defendants have acted or failed to act, as alleged herein, under the color of State Law.

## AS AND FOR A FIRST CAUSE OF ACTION

9. That on or about early September, 2015, plaintiff TYREEK SHUFORD an inmate was in the care, control and custody of the defendants at the Manhattan Detention Complex in New York County when he was assaulted by two unknown correctional officers of the City and DOC.

10. On or about early September, 2015, plaintiff was present at the Manhattan Detention Complex for a court hearing when the plaintiff without any lawful justification was, brought to the floor, stomped upon, and dragged by two unidentified correctional officers.

11. That as a result of the defendants conduct on or about early September 2015, plaintiff suffered injuries that caused bleeding on plaintiff's back, lip and nose.

12. That the injuries caused to the plaintiff, TYREEK SHUFORD, as aforesaid, was as a result of the wanton, cruel, careless and reckless conduct of the defendants and evinced a depraved disregard for the plaintiff and for the plaintiff's rights.

13. That as a result of the willful and negligent actions of the defendants, the plaintiff TYREEK SHUFORD, sustained multiple harms, the full extent of which is not presently known, including but not limited to, utter humiliation, embarrassment, lack of trust, conscious pain and suffering of both body and mind, serious and profound manifestations and overlay, lessening of self esteem, betrayal of trust, all of which will have life long effects upon the plaintiff including but not limited to his ability to relate to others and particularly authority figures, inability to resume a normal and productive life, special damages and loss of enjoyment of life.

## AS AND FOR A SECOND CAUSE OF ACTION

14. That on or about September 16 - 25, 2015, plaintiff TYREEK SHUFORD an inmate was in the care, control and custody of the Defendants and was being housed at GMDC , a DOC facility in Queens County when as a result of the Defendant's breach of their duty of care owed to the Plaintiff, the Plaintiff suffered harm which caused plaintiff to suffer bodily injury.

15. At all times herein mentioned, it was the duty of the defendants The City and DOC their servants, agents and/or employees to maintain said premises in a reasonably safe and suitable condition and in good repair.

16. That the defendant's failed to keep the facility in a safe manner by permitting water to remain on the bathroom floor. That due to the water on the bathroom floor, the plaintiff TYREEL SHUFORD slipped and fell. The fall caused his right arm to break.

17. Solely as a result of the Defendants negligence, carelessness and recklessness, TYREEK SHUFORD was caused to suffer severe and serious personal injuries to his body, and further TYREEK SHUFORD was subjected to great physical pain and mental anguish.

18. The above-stated occurrence and the results thereof were caused by the negligence of the defendants in the ownership, operation, inspection, maintenance, repair and control of said premises; in operating same without due regard to the rights and safety of the plaintiff; in maintaining the premises in a manner which unreasonably caused the plaintiff's slip and fall; in failing to care for the area in such a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions then existing at the place and time of occurrence; in operating said area in violation of the applicable laws, rules, regulations, statutes and ordinances of the City and State of New York; n failing to properly inspect said area for cleanup; in failing to properly maintain said area.

19. That by reason of the foregoing, the plaintiff TYREEK SHUFORD sustained injuries which affected his well-being and caused him to sustain severe and permanent personal injuries.

## AS AND FOR A THIRD CAUSE OF ACTION

20. That on or about October 13, 2015, plaintiff TYREEK SHUFORD an inmate was in the care, control and custody of the Defendants at GMDC, Dorm 16 B at Complex in Queens County when he was assaulted by correctional officers of the DOC including CO Phanes Nervil Badge # 3201, CO Akeem Cardoza Badge # 7485 and other unknown officers.

21. Without lawful justification the defendants punched, dragged and kicked the plaintiff. The officers twisted the plaintiff's right arm, which was previously broken, into metal handcuffs, and forced the plaintiff to take a shower while he was fully clothed.

22. That as a result of the unprovoked and unjustifiable assault by the defendants, the plaintiff suffered injuries to his back, facial injuries, bleeding from his right ear and nose, bruised left ear, suffered excruciating pain to his right arm and had difficulty sleeping.

23. That the defendants intentionally deprived the plaintiff of medical treatment until hours after the October 13, 2015 incident. The Plaintiff 's agony was exacerbated by the prolonged period during which he was denied medical treatment.

24. That the actions of the defendants were negligent and careless.

25. That the injuries caused to the plaintiff, TYREEK SHUFORD, as aforesaid, was as a result of the wanton, cruel, careless and reckless conduct of the defendants and evinced a depraved disregard for the plaintiff and for the plaintiff's rights.

26. That as a result of the negligent actions of the defendants, the plaintiff TYREEK SHUFORD, sustained multiple harms, the full extent of which is not presently known, including but not limited to, utter humiliation, embarrassment, lack of trust, conscious pain and suffering of both body and mind, serious and profound manifestations and overlay, lessening of self esteem, betrayal of trust, all of which will have life long effects upon the plaintiff including but not limited to his ability to relate to others and particularly authority figures, inability to resume a normal and productive life, special damages and loss of enjoyment of life.

...

## AS AND FOR A FOURTH CAUSE OF ACTION

27. That on or about October 7, 2016, plaintiff TYREEK SHUFORD an inmate was in the care, control and custody of the defendants at George R. Vierno Center, Rikers Island in Queens County when he was assaulted by other inmates in the presence of unknown correctional officers and attacked by correctional officers of the DOC.

28. The defendants, the City of New York and the DOC violated the Plaintiff's constitutional rights by the defendants' deliberate indifference and/or active participation in the serious physical, psychological and emotional harm inflicted upon the plaintiff.

29. The defendants' correctional officers failed to prevent or control the behavior of other inmates at the facility. The said failure resulted in the plaintiff being violently attacked by other inmates.

30. The defendants City of New York and DOC failed to protect the plaintiff from harm caused by excessive and unnecessary use of force by staff and inmate-on-inmate violence.

31. As a result of the assault on or about October 7, 2016, the Plaintiff TYREEK SHUFORD, suffered a fractured nose, contusions and lacerations all over his body.

32. That the injuries caused to the plaintiff, TYREEK SHUFORD, as aforesaid, was as a result of the wanton, cruel, careless and reckless conduct of the defendants and evinced a depraved disregard for the plaintiff and for the plaintiff's rights.

33. That as a result of the negligent actions of the defendants, the plaintiff TYREEK SHUFORD, sustained multiple harms, the full extent of which is not presently known, including but not limited to, utter humiliation, embarrassment, lack of trust, conscious pain and suffering of both body and mind, serious and profound manifestations and overlay, lessening of self esteem, betrayal of trust, all of which will have life long effects upon the plaintiff including but not limited to his ability to relate to others and particularly authority figures, inability to resume a normal and productive life, special damages and loss of enjoyment of life.

## AS AND FOR A FIFTH CAUSE OF ACTION

34. That on or about October 8, 2016, plaintiff TYREEK SHUFORD an inmate was in the care, control and custody of the defendants at 9B Housing Area, George R. Vierno Center, Rikers Island in Queens County.

35. On or about October 8, 2016 plaintiff TYREEK SHUFORD was transferred to the Brooklyn House of Detention where he was placed in the same area as other inmates known to be hostile towards the plaintiff. Despite multiple requests made by the plaintiff to the defendant's officer to remove the plaintiff from the dangerous environment, no steps were taken by the defendant to ensure the plaintiff's safety.

36. Due to the negligence and/or indifference of the defendants' officers the plaintiff was attacked and savagely beaten by three or four inmates.

37. As a result of the attack on or about October 8, 2016 the stitches on the plaintiff's previously fractured nose were opened up. The plaintiff bled profusely from his nose and from other injuries caused by the kicks and punches to his entire body.

38. The plaintiff was assaulted by other inmates in the presence of unknown correctional officers and attacked by correctional officers of the DOC.

39. The defendants City of New York and the DOC violated the Plaintiff's constitutional rights by the defendants' deliberate indifference to inmate-on-inmate violence causing serious physical, psychological and emotional harm to be inflicted upon the plaintiff.

40. The defendants' correctional officers failed to prevent or control the behavior of other inmates at the facility. The said failure resulted in the plaintiff being violently attacked by other inmates.

41. The defendants City of New York and DOC failed to protect the plaintiff from harm caused by excessive and unnecessary use of force by staff and inmate-on-inmate violence.

42. That the injuries caused to the plaintiff, TYREEK SHUFORD, as aforesaid, was as a result of the wanton, cruel, careless and reckless conduct of the defendants and evinced a depraved disregard for the plaintiff and for the plaintiff's rights.

43. That as a result of the negligent actions of the defendants, the plaintiff TYREEK SHUFORD, sustained multiple harms, the full extent of which is not presently

known, including but not limited to, utter humiliation, embarrassment, lack of trust, conscious pain and suffering of both body and mind, serious and profound manifestations and overlay, lessening of self esteem, betrayal of trust, all of which will have life long effects upon the plaintiff including but not limited to his ability to relate to others and particularly authority figures, inability to resume a normal and productive life, special damages and loss of enjoyment of life.

### AS AND FOR A SIXTH CAUSE OF ACTION

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 of this complaint with the same force and effect as though fully set forth herein at length.

45. The Defendants failed to adequately supervise inmates to prevent them from harming the Plaintiff.

46. The Defendants were negligent in that they had inadequate staff to supervise the inmates, staff was inexperienced and poorly trained and failed to monitor and adequately supervise inmate conduct.

47. The Defendant failed to ensure that the injured Plaintiff received prompt medical care.

48. The defendants City of New York and DOC have encouraged, facilitated incidents of routine and institutionalized staff violence against the plaintiff. Investigations, if any, are unprofessional and inadequate.

49. The City and DOC staff have engaged in a pattern and practice of submitting false use of force reports against the Plaintiff, and Defendants have ignored and/or tolerated this fraudulent conduct. Such as:

    * DOC staff submitting reports in which the description of an incident is inconsistent with the video recording, and officers later change their story when confronted with the video evidence.

    * DOC staff not reporting the excessive and unjustified use of force, choosing instead to report such instances as minimal restraints.

49. The defendants have been deliberately indifferent to harm caused to the plaintiff by failing to conduct thorough and comprehensive investigations of staff use of force incidents. This has resulted in a culture of excessive and unnecessary force against the plaintiff because staff do not expect to be held accountable.

50. The defendants are negligent in that they continue to employ and expose the plaintiff to staff who have a history of using excessive and unnecessary force.

51. The DOC staff have taken the plaintiff to areas outside of camera coverage whilst employing unnecessary and unjustifiable force in an effort to evade video surveillance.

52. That the foregoing acts of defendants violated the civil rights of the plaintiff to wit: to be secure in his person; not to be deprived of life, liberty or property without due process of law; not to be subjected to cruel and unusual punishment; his rights under the Constitution of United States of America including under the Fourth, Sixth and Fourteenth Amendments, thereto.

53. That the defendants in performing the foregoing acts were acting under color of State Law.

54. The foregoing acts of the defendants constituted violations of the civil rights of the plaintiff enumerated hereinabove.

55. The foregoing acts of the defendants constituted violation of the plaintiff's civil rights pursuant to 42 U.S.C., Sections §1981 and § 1983

56. That the acts of the defendants, as aforesaid, were wanton, cruel, careless and reckless and evinced a depraved disregard for plaintiff and for plaintiff's civil rights.

57. As a result of the foregoing violation of plaintiff TYREEK SHUFORD civil rights, he was caused to experience fright, fear, shock, emotional distress, psychological injury, conscious pain and suffering.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the following:

1. On the First, Second, Third, Fourth, Fifth and Sixth Causes of Action in the sum of Ninety-Six Million Dollars ($96,000,000.00) in compensatory and punitive damages and such exemplary or other damages as may be awarded based on the aforesaid acts of the defendants and the aforesaid statutes and laws, together with interest, costs and disbursements of this action; and

2. That this Court grant such other and further relief as it shall deem just.

Dated: Brooklyn, New York
       Oct 26, 2017

                                    Respectfully submitted,

                                    ROGER V. ARCHIBALD, PLLC

                                    By: _____
                                    Roger V Archibald, Esq.
                                    Attorney for Plaintiff
                                    TYREEK SHUFORD
                                    26 Court Street, Suite 711
                                    Brooklyn, New York 11242
                                    (718) 237-1111 Telephone
                                    (718) 237-1425

To:  THE CITY OF NEW YORK
     100 Church Street
     New York, New York 10007

     THE NEW YORK CITY DEPARTMENT OF CORRECTION
     75-20 Astoria Blvd., Suite 110
     East Elmhurst, NY 11370

     CORRECTIONAL OFFICER AKEEM CARDOZO, Badge # 7485
     c/o THE NEW YORK CITY DEPARTMENT OF CORRECTION
     75-20 Astoria Blvd., Suite 110
     East Elmhurst, NY 11370

     CORRECTIONAL OFFICER PHANES NERVIL, Badge # 3201,
     c/o THE NEW YORK CITY DEPARTMENT OF CORRECTION
     75-20 Astoria Blvd., Suite 110
     East Elmhurst, NY 11370

Z
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

TYREEK SHUFORD,                                               Case No.:

                   Plaintiff,                **ATTORNEY AFFIRMATION**

   -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION AND
CORRECTIONAL OFFICER AKEEM CARDOZO,
Badge # 7485, CORRECTIONAL OFFICER
PHANES NERVIL Badge # 3201,

                   Defendants.
_____X

ROGER VICTOR ARCHIBALD, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

    I am the attorney for the plaintiff herein.

    I have the read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge except as to matters herein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This Verification is made by affirmant and not by Plaintiff because he is not presently in the County of Kings, which is the county where affirmant maintains his office.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are communications had with the plaintiff, information contained in the said plaintiffs' file, which is in affirmant's possession and other pertinent data relating thereto.

Dated: Brooklyn, New York
       Oct 26, 2017, 2017

                                                 ROGER V. ARCHIBALD