UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

TYREEK SHUFORD,

        Plaintiff,

   -against-                            **MEMORANDUM AND ORDER**
                                                       17-cv-6349(EK)(SJB)
THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS, CORRECTIONAL
OFFICER AKEEM CARDOZO, et al.,

        Defendants.


----------------------------------------x

ERIC KOMITEE, United States District Judge:

      Plaintiff brought Section 1983 and state-law claims against the City of New York, the Department of Corrections, and two correction officers, Mr. Akeem Cardozo and Phanes Nervil. The only remaining claims are against the correction officers. Defendants now move to dismiss for insufficient service of process under Rule 12(b)(5).

      The core questions in this dispute arise out of substantial failures by both parties to comply with the Federal Rules of Civil Procedure. Plaintiff failed to effectuate proper service for more than fifteen months after the Rule 4(m) service period ended. Nevertheless, Plaintiff contends that he had "good cause" for the failure to timely effectuate service, and that even if he did not, the Court should exercise its discretion to extend the time for service under *Zapata v. City*

1

*of New York*, 502 F.3d 192 (2d Cir. 2007). Also, Plaintiff contends that the Court should not even consider Defendants' motion to dismiss under Rule 12(b)(5) because that motion was untimely made.

The Court agrees that Defendants waived their 12(b)(5) defense by failing to assert it either in an answer or a timely motion, as dictated by Rule 12(h). Even if this were not so, the Court would exercise its discretion to extend the time for service, for the reasons discussed below. Accordingly, the motion is denied, and this case shall proceed.

**I.   Discussion**

Rule 12(h) of the Federal Rules of Civil Procedure requires that an insufficient-service-of-process defense be made either in an answer or a pre-answer motion. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [a 12(b) defense] must be made before pleading if a responsive pleading is allowed."); *id.* at 12(h)(1) (a party waives a defense of insufficient service of process by failing to raise the defense "by motion under this rule" or "in a responsive pleading"). Here, Defendants raised this defense by motion nearly seven months after serving their answer. While the answer asserted that "the court lacks jurisdiction over the

2

defendants," it made no mention of improper service.  Defendants therefore waived their 12(b)(5) defense.[1]

A similar fact pattern transpired in *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092 (2d Cir. 1990).  There, the plaintiff failed to effectuate timely service, and the district court dismissed on that basis.  The Second Circuit reversed because the defendant failed to raise the issue of improper service in a timely fashion.  The court invoked the plain language of Rule 12(h), holding that the defense was neither "adequately raised in [the defendant's] answer" nor "asserted in a timely [pre-answer] motion."  *Id*. at 1095.

*Santos* does leave a bit of daylight for defendants who mislabel the defense by invoking "personal jurisdiction" rather than invalid service, but who nonetheless "elucidate[] the true nature of the defense" as the latter.  *Id*. at 1096.  This case does not fit that exception.  Defendants' answer offered no explanation for their jurisdictional defense, let alone an indication that the defense sought to challenge Plaintiff's service as untimely.  *See id*. at 1095-96 (declining to grant

---

[1] Defendants also move for leave to amend their answer.  This motion is denied because the defense cannot be revived at this stage.  *See* Fed. R. Civ. P. 12(h)(1) (a 12(b)(5) defense may be saved from waiver through an "amendment allowed by Rule 15(a)(1) as a matter of course").

3

exception where answer did nothing "more than baldly state that the court lacked personal jurisdiction" over the defendant).

*Santos*'s facts are a bit different from this case, in that the defendant there could be characterized by the court as "l[ying] in wait," *id.* at 1096, or concealing problems with service. No such problematic behavior occurred here. On the contrary, counsel for the City raised the issue of improper service soon after their appearance. November 28, 2017 Letter Motion at 1, ECF No. 8 ("According to the docket, [defendants Cardozo and Nervil] have not been served with process."); January 2, 2018 Letter Motion at 1, ECF No. 9 (same). Still, this Court gleans no indication on the face of *Santos* that the absence of such gamesmanship permits the Court to override the plain language of Rule 12(h), and Defendants have pointed the Court to none. Accordingly, the Court concludes that Defendants waived their Rule 12(b)(5) challenge to service of process in this case.

Even if the defense was not waived, the Court would not grant Defendants' motion to dismiss. Rule 4(m) requires the district court to extend the time for service if a plaintiff "shows good cause for the failure" to effectuate timely service, and even absent good cause, the court may still grant a discretionary extension of the time to serve. *See Zapata*, 502 F.3d at 197 ("[A] district court *may* grant an extension in the

4

absence of good cause, but it is not required to do so"). In exercising this discretion, a court should consider "(1) whether statutes of limitations would bar the refiling of [the] action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service." *DeMott v. Bacilious*, 11-cv-6966(PAE), 2012 WL 601074, at *8 (S.D.N.Y. Feb. 24, 2012). Courts should also consider "whether there is a justifiable excuse for the failure to properly serve." *See Mares v. U.S.*, 627 Fed. App'x 21, 23 (2d Cir. 2015) (internal quotations omitted).

Weighing these factors, the Court would exercise its discretion to permit late service. This case is like *Zapata* in that dismissal would result in time-barring Plaintiff's claims. Unlike *Zapata*, however, the plaintiff here took concrete steps to timely effectuate service. *See Zapata*, 502 F.3d at 199 ("Zapata made no effort to effect service within the service period . . . and has advanced no cognizable excuse for the delay."). Plaintiff tried to effectuate service at Rikers and the Department of Corrections shortly after filing his complaint. When those attempts failed, Plaintiff asked the Department of Corrections for Defendants' home addresses. None were forthcoming. Plaintiff then made two additional attempts

5

to serve the Department of Corrections or Rikers before the statute of limitations expired. While Plaintiff's efforts were far from extensive, it cannot be said that he did nothing to attempt service in this case.

This case also differs from *Zapata* because there are indications that both Defendants had notice of the lawsuit before the statute of limitations ran on October 13, 2018. The evidence shows that defendant Cardozo agreed to receive service on September 20, 2018. *See* June 5, 2020 Letter at 2, ECF No. 60. Moreover, both defendants were involved in a related criminal proceeding, which would provide some warning that civil litigation could follow.

In extending Plaintiff's time to serve, the Court recognizes the prejudice to defendants that is inherent in allowing a case that would otherwise be barred by the statute of limitations to proceed. But this prejudice is mitigated by the fact that Defendants themselves (through counsel) failed to avail themselves of the proper procedural path for addressing that potential prejudice.

Defendants also argue that the summonses Plaintiff used were defective because they were not addressed to each defendant by name. This technical error does not change the Court's conclusion. *See Osrecovery, Inc. v. One Grp., Inc.*, 234 F.R.D. 59, 60-61 (S.D.N.Y. 2005) ("[M]inor or technical defects

6

in a summons in certain circumstances do not render service invalid . . . ."); Fed. R. Civ. P. 4, Adv. Comm. Notes, 1993 Am. ("If there are multiple defendants, the plaintiff . . . may serve copies of a single original [summons] bearing the names of multiple defendants if the addressee of the summons is effectively identified.").

## II. Conclusion

For the reasons stated above, the Court denies Defendants' motion to dismiss under Rule 12(b)(5) and grants Plaintiff's cross-motion to deem service timely *nunc pro tunc*. Defendants' motion to amend their answer is denied.

SO ORDERED.

          /s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: Brooklyn, New York
       June 12, 2020