*Shuford v. Cardoza and Nervil,* No. 17-CV-6349

# JURY CHARGE

PART I: GENERAL RULES ................................................................................................ 2
   Parties of the Judicial Process & Juror Duties ................................................................ 2
      1.    Juror Attentiveness ............................................................................................. 2
      2.    Role of the Court ................................................................................................ 3
      3.    Jury to Disregard the Court's View .................................................................... 3
      4.    Juror Oath ............................................................................................................ 4
      5.    Conduct of Counsel ............................................................................................ 4
   Improper Considerations ................................................................................................. 4
      6.    Sympathy ............................................................................................................ 4
      7.    Race, Religion, National Origin, Sex, or Age ................................................... 4
   Evidence .......................................................................................................................... 5
      8.    Consider Only Testimony and Exhibits ............................................................. 5
      9.    Direct and Circumstantial Evidence ................................................................... 5
   Witnesses ........................................................................................................................ 6
      10.   Weighing Testimony ........................................................................................... 6
      11.   Interest in Outcome ............................................................................................. 8
      12.   Burden of Proof .................................................................................................. 8
      13.   Multiple Defendants ......................................................................................... 10
PART II: THE LEGAL ELEMENTS .................................................................................. 10
      14.   Section 1983 ...................................................................................................... 10
      15.   Excessive Force ................................................................................................ 11
      16.   Damages ............................................................................................................ 14
PART III: GENERAL REMARKS REGARDING DELIBERATION ............................... 17
      17.   Selecting a Foreperson and Communications with the Court ......................... 17
      18.   Duty to Consult and Need for Unanimity ........................................................ 18
      19.   Right to See Exhibits & Hear Testimony ......................................................... 18



COURT'S EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.# 17CV6349
DATE: 4-1-2022

Members of the jury, I am now about to perform my most important function in this trial, which is to instruct you on the law which you are to apply to the facts. We are all grateful to you, for the close attention you have given to this case. I ask that you continue to do so as I give you these instructions, but I will provide you with written copies later.

Now that the evidence in this case has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. It is your duty as jurors to follow the law as I state it and to apply the law to the facts, as you find them, from the evidence presented.

In the course of the trial, the attorneys may have referred to some of the governing rules of law. If there appears to you to be any difference between the law as stated by counsel and the law as I now state it to you, it is my instructions on the law that you must follow. My instructions will be in three parts:

FIRST: I will instruct you on the general rules that govern your duty as jurors in a civil case;

SECOND: I will instruct you on the legal elements of plaintiff's claims; and

THIRD: I will give you some important principles that you will use in your deliberations.

## PART I: GENERAL RULES

### Parties of the Judicial Process & Juror Duties

   *1. Juror Attentiveness*

You are about to enter your final duty, which is to decide the fact issues in this case.

It has been obvious to me and to the attorneys that you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never lagged and you followed the testimony with close attention. I would like to thank each of you for your service. I would also like to express my gratitude to each of the attorneys for their conscientious

2

efforts on behalf of their clients.

### 2. Role of the Court

You have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My responsibility at this point is to instruct you on the law. It is your duty to accept these instructions and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

It would violate your sworn duty to base a verdict on any other view of the law than the one I will give to you. This means you must follow my instructions regardless of any opinion that you may have as to what the law might or should be, and regardless of whether any attorney has stated a legal principle differently from how I might state it now.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law.

### 3. Jury to Disregard the Court's View

In charging you on the applicable law, let me be clear that I am expressing no opinion about how you should decide the facts of this case. I have no opinion on the verdict you should reach. Nothing I have said or done in the course of the trial should be taken by you as expressing any opinion about the facts. If I made an expression, question, or ruling that seemed to indicate that I do have an opinion about this case, I instruct you to disregard it. You also should not concern yourselves with the content of any discussion that I had with the attorneys at sidebar. It is your function, not mine, to determine the facts.

### 4. *Juror Oath*

In carrying out this duty, remember that you took an oath to render judgment fairly and impartially. You took an oath to base your verdict solely on the evidence in the case and the applicable law as I give it to you.

### 5. *Conduct of Counsel*

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not concern yourselves with or speculate about the contents of any discussion among me and the attorneys at side bar. You should not hold it against any attorney because that attorney objected to the admissibility of evidence or asked for a conference with the Court.

## **Improper Considerations**

### 6. *Sympathy*

In reaching your verdict, you are not to be swayed by sympathy for the parties; what the reaction of the parties or of the public to your verdict may be; whether it will please or displease anyone; be popular or unpopular or, indeed, by any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence, find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

### 7. *Race, Religion, National Origin, Sex, or Age*

In deciding, it would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex, or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Evidence**

8. *Consider Only Testimony and Exhibits*

Your verdict in this case must be based only on the evidence. In deciding this case, you should consider only the exhibits that have been admitted in evidence and the testimony of the witnesses as you have heard in this courtroom.

The closing arguments of the attorneys are not evidence, nor is anything that I may have said with regard to the facts of this case.

Anything you may have seen or heard about this case outside the courtroom is also not evidence. You must disregard all of these things in reaching your verdict.

At times during trial, I have sustained objections to questions asked without allowing the witness to answer or where an answer was made, instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusions from an unanswered question nor may you consider testimony which has been stricken from the record in reaching your decision.

9. *Direct and Circumstantial Evidence*

There are two types of evidence that you may properly use to determine the facts.

One type of evidence is called direct evidence. Direct evidence is a witness' testimony about what the witness saw, heard, or observed. In other words, when a witness testifies about what is known to him by virtue of his own senses – what he sees, feels, touches, or hears – that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse: Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day. As you were sitting here, someone walked in with an umbrella that was dripping wet. Someone else then walked in with a raincoat that was dripping wet. The courtroom is without windows, so you cannot look outside to see whether or not it is raining -- therefore, you have no direct evidence of that fact. But, based on the combination of other facts, it would be reasonable and logical for you to conclude that it had been raining outside.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. Circumstantial evidence is of no lesser value than direct evidence -- you alone decide what weight to give to all of the evidence. The law makes no distinction between direct and circumstantial evidence. Instead, it requires simply that you base your verdict on a reasonable assessment of all the evidence in the case.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.

**Witnesses**

*10. Weighing Testimony*

The law does not require you to accept all of the evidence I admit. In deciding what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell

you. The same tests that you use in your everyday dealings apply in your deliberations. Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid and forthright or did the witness seem as if he was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he was talking about and strike you as someone trying to report his knowledge accurately?

The interest or lack of interest of any witness in the outcome of this case; the bias or prejudice of a witness, if there is any; the age; the appearance; the manner in which the witness gives testimony on the stand; the opportunity that the witness had to observe the facts about which the witness testifies; and the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony.

If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If that is not possible, you will have to decide which of the conflicting stories you will accept. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that

one who testifies falsely about one material fact is quite likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, determine which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

### *11. Interest in Outcome*

All parties to an action are what we call interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by the witness's interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness and may accept all or such part of his testimony as you find reliable and reject such part as you find unworthy of acceptance.

### *12. Burden of Proof*

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof fails to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendants.

The question naturally is, "What does a preponderance of the evidence mean?" To establish a fact by a preponderance of the evidence means to prove that something is more likely true than not true. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely so than not so. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents produced by either party.

The burden of proof rests on the party asserting the claim. That means that for that party to prevail, the evidence that supports its claim must appeal to you as more nearly representing the truth than the evidence opposed to its claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the party defending against the claim. It is only if the evidence favoring the party asserting the claim outweighs the evidence opposed to it that you can find in favor of that party. That is because the party bearing the burden, in this case the plaintiff, must prove more than simple equality of evidence -- he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of that party -- that what he claims is more likely true than not true -- then the element will have been proved by a preponderance of evidence. As this is a civil action, it is important to keep in mind that the burden of proof is lower than in a criminal case.

*13. Multiple Defendants*

Although plaintiff's claims against the two defendants are being tried together, you must remember that each one of the defendants is entitled to have you review the evidence as it relates to his conduct separately. You must consider the evidence relating to each defendant's actions independently, and you must reach a conclusion solely on the basis of that independent consideration.

**PART II: THE LEGAL ELEMENTS**

I will now turn to the second part of my instructions. In this part, I will instruct you as to the legal elements of plaintiff's claims– what he must prove – and the law of damages.

*14. Section 1983*

In this case, plaintiff claims that he was injured as the result of the deprivation, under color of state law, of a right secured to him by the United States Constitution, and by a federal statute which protects the civil rights of all persons within the United States. Specifically, he brings this case under a statute known as Section 1983 of Title 42 of the United States Code. Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Section 1983 creates a federal remedy for persons who have been deprived by state officials of the rights, privileges, and immunities secured by the United States Constitution and federal statutes. Here, the plaintiff claims that the defendants violated his rights under the United States Constitution by using excessive force.

In order to prove a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

Here, only two of the elements -- whether plaintiff's constitutional rights were violated and proximate cause -- are in dispute in the plaintiff's claim.

I shall now discuss the elements of plaintiff's excessive force claim in more detail.

### *15. Excessive Force*

Plaintiff claims that defendants violated his Fourteenth Amendment rights by using excessive force during an incident that occurred on October 13, 2015 on Rikers Island. The Fourteenth Amendment of the Constitution of the United States protects pretrial detainees like the plaintiff from punishment, including excessive force. Defendants deny the use of excessive force and allege that they engaged in reasonable self-defense. Corrections Officers such as defendants may use reasonable force to protect themselves and other officers to ensure the safety of the Corrections Officers and the other detainees and to maintain and enforce safety and discipline within the facility.

### a. **First Element: "Under Color of Law"**

As I told you before, in this case, it is not disputed that, at the time of the events on October 13, 2015, defendants were acting in their official capacities as corrections officers and acting under color of state law. Accordingly, you need not consider whether this first element of a Section 1983 claim is established in this case. The parties agree that it is.

### b. **Second Element: Deprivation of a Constitutional Right**

The second element of plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish this second element, he must establish the following by a preponderance of the evidence:

First, that the defendant knowingly committed the acts alleged by plaintiff, that said acts were objectively unreasonable, and that defendant did so intentionally; and

Second, that those acts caused the plaintiff to suffer the loss of a constitutional right.

In this case, plaintiff alleges that he was subjected to excessive force by the defendants during an interaction at Rikers Island. Again, you must first determine whether the plaintiff has proven, by a preponderance of the evidence, that the defendants committed the alleged acts -- that is, physical contact between defendants and plaintiff -- and that they did so intentionally or recklessly.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. Whereas, an act is negligent if done with the unconscious failure to use the level of care that a reasonably prudent person would have used under the same circumstances. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.

Next, plaintiff must prove, by a preponderance of the evidence, that the defendants' acts caused the plaintiff to suffer the loss of a federal right. The Fourteenth Amendment to the United States Constitution protects persons from being subjected to excessive force. In other

12

words, a corrections officer may only employ the amount of force necessary under the circumstances to preserve internal order and discipline and to maintain institutional security.

When deciding whether the force was objectively unreasonable or excessive, you may consider the following nonexclusive factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; or (6) whether plaintiff was actively resisting.

However, you do not have to determine whether the defendants had less intrusive alternatives available, for the defendants need only to have acted within that range of conduct identified as reasonable.  Not every push or shove by an officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  The concept of reasonableness makes allowance for the fact correction officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

You are to make this determination without regard to the corrections officers' underlying subjective motivation.  That means that alleged "evil motive" will not make a Fourteenth Amendment violation out of an objectively reasonable use of force.  Similarly, an officer's pure motives will not make the use of objectively unreasonable force constitutional.

### c. **Third Element: Proximate Cause**

The third element that plaintiff must prove is that the defendants' acts were a proximate cause of any injuries sustained by the plaintiff.  I will now explain what proximate cause is.

13

Proximate cause means that there must be a sufficient causal connection between the act of defendants and any injury or damage sustained by the plaintiff. An act is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act. If an injury was a direct result or a reasonably probable consequence of a defendant's act, it was proximately caused by such act. In other words, if a defendant's act had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act is a proximate cause.

### 16. Damages

If you conclude that plaintiff has met his burden of proving liability, then you must determine the damages, if any, to which he is entitled. You should not infer that plaintiff is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered. It is plaintiff's burden to prove the amount of damages and to prove that the damages were caused by defendants' actions.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the plaintiff to

14

prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

You should not award damages more than once for the same injury. A plaintiff is not entitled to more than one full and fair award of damages for the same injury. In other words, a plaintiff is entitled to be compensated only for injury that he actually suffered -- he is entitled only to be made whole, not to recover more than he lost. Of course, if different injuries are attributed to his separate claims, then you must compensate him fully for all of the injuries. Thus, if defendants violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendants violated only one of those rights, the award of damages cannot be greater than if the defendants had violated only one of those rights. On the other hand, if the defendants violated more than one of the plaintiff's rights and he has established separate injuries resulting from separate violations, then the plaintiff would be entitled to be compensated for each of the separate injuries he suffered.

In this case, plaintiff seeks to recover "compensatory damages" and "punitive damages." I will explain each in turn. A plaintiff who prevails is entitled to compensatory damages for any physical injury, pain and suffering, emotional distress, fear, personal humiliation, loss of liberty, indignation, and expenses (past and future) that are proximately caused by the defendants' misconduct. Thus, if you find that defendants deprived plaintiff of his constitutional rights and

15

that plaintiff suffered injury as a result of this violation, you must award compensatory damages. You should not take into consideration the fees that the plaintiff may have to pay his attorneys.

Alternatively, if you find after considering all the evidence presented that defendants violated plaintiff's federal rights under Section 1983, but that plaintiff suffered no physical, emotional, or financial damage as a result of this violation, you must award plaintiff "nominal damages" of a token sum, usually one dollar. Nominal damages are awarded as recognition that the plaintiff's constitutional rights have been violated but that he has not suffered any compensatory damages.

You must also award nominal damages, if, upon finding that some injury resulted from the deprivation of plaintiff's federal rights under Section 1983, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not, however, award both nominal and compensatory damages to plaintiff for a violation of Section 1983; either he experienced actual damages, in which case you must award compensatory damages, or else he did not, in which case you may award nominal damages. Nominal damages may be awarded for only a token sum, not to exceed one dollar.

As I mentioned before, plaintiff also seeks punitive damages. If you return a verdict against defendants, you should decide whether to award plaintiff punitive damages. You may make separate awards on each claim that is established. You may award punitive damages if you believe that the defendant you are considering should be punished for conduct that was motivated by an evil motive or intent, or that involved callous disregard or reckless indifference to plaintiff's rights. Plaintiff is not entitled to punitive damages as a matter of right. You must make a judgment about the conduct of the defendant you are considering. To make such a judgment, it is important to keep in mind the reasons for awarding punitive damages: to punish a

16

defendant for malicious conduct against a plaintiff or callous disregard or reckless indifference for a plaintiff's rights and to deter such conduct of a defendant or others like the defendant. Therefore, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and deterrence.

You should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant you are considering may have committed. If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant in question should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or persons like him from committing wrongful acts in the future.

**PART III: GENERAL REMARKS REGARDING DELIBERATION**

*17. Selecting a Foreperson and Communications with the Court*

Now that I have instructed you on the law and the process by which you should weigh the evidence and determine the facts, I will give you some guidance for your deliberations.

No member of the jury should attempt to communicate with me or with any court personnel by any means other than a signed writing from the foreperson. Therefore, the first thing you must do is select a foreperson, who will sign all notes to the Court and hand them to my courtroom deputy for me to read. Once I read your note, I will have you return to the courtroom, so we can speak in person.

17

You should not tell me or anyone else how the jury stands numerically on the issue of whether plaintiff has proven his claim, even in open court, until after a unanimous verdict is reached.

### 18. Duty to Consult and Need for Unanimity

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous. That is, all of you must ultimately reach the same conclusion.

Each juror is entitled to his opinion; each should, however, exchange views with his fellow jurors. That is the very purpose of jury deliberation -- to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence.

Each of you must decide the case for yourself, after consideration of the evidence in this case with your fellow jurors. You should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered. Your final vote must reflect your conscientious conviction as to how the issues should be decided.

### 19. Right to See Exhibits & Hear Testimony

During your deliberations we will make the exhibits available to you in the jury room. However, if you would like to view any of the videos, you may make a request in writing and give it to the marshal. If you find you need to view an official transcribed copy of a portion of testimony that also can be done. However, please remember that it is not always easy to locate

18

what you might want, so please be as specific as you possibly can in requesting portions of testimony that you may want to review.

When you have reached a verdict, please send a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. I have prepared a verdict form that you will have with you in the jury room. The verdict form contains questions, and the answers to those questions will constitute your verdict. After the questions are completed, the foreperson should sign and date the verdict form and return the written verdict form to the deputy clerk.

*** 

Your oath sums up your duty -- and that is -- you will, without fear or favor to any persons, conscientiously and truly try the issues before you according to the evidence given to you in court under the law.

I thank you again for service.