UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TYREEK SHUFORD,

                              Plaintiff,                    MEMORANDUM AND ORDER

                    -against-                    No. 17-CV-6349-JRC

AKEEM CARDOZA and PHANES NERVIL,

                           Defendants.

                    -against-

CITY OF NEW YORK,

                       Cross-Defendant.
-------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

On November 2, 2017, plaintiff Tyreek Shuford ("Shuford" or "plaintiff") commenced this action against defendants Akeem Cardoza ("Cardoza") and Phanes Nervil ("Nervil" and together, "defendants"), the New York City Department of Correction ("DOC"), and the City of New York ("City"), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. *See generally* Dkt. 1 ("Compl.").[1]

On March 29, 2022, a jury trial commenced before the undersigned, and on April 1, 2022, a jury returned a verdict in favor of plaintiff. *See* Dkt. 113. The jury found that Cardoza and Nervil had violated plaintiff's constitutional rights and awarded him $1.5 million in damages. *Id.*

Presently before this Court is plaintiff's renewed motion for attorney's fees and costs

---

[1] On May 7, 2018 and June 6, 2019, the DOC and City were dismissed from this action with prejudice, respectively. *See* Dkt. entry dated 5/7/2018; Dkt. 37.

filed on May 15, 2023.  *See generally* Dkt. 151 ("Mot. for Attorney's Fees").  Plaintiff seeks $366,206.50 in attorney's fees and $5,477.52 in costs for a total of $371,684.02.  *Id.* at ECF page 3.[2]  For the reasons set forth below, this Court grants plaintiff's motion in part.

### Relevant Factual and Procedural Background

Plaintiff brought this action against Cardoza and Nervil alleging violations of his constitutional rights.  *See generally* Compl.  Plaintiff alleged that on October 13, 2015, Cardoza and Nervil assaulted him while he was incarcerated at Rikers Island Detention Facility in New York City.  *See generally* Compl.

After hearing evidence at trial, a jury returned a verdict in plaintiff's favor.  *See* Dkt. 113. The jury found that plaintiff proved, by a preponderance of the evidence, that (1) Cardoza and Nervil subjected plaintiff to excessive force on October 13, 2015, and (2) Cardoza and Nervil were the proximate cause of plaintiff's injuries.  *Id*.  The jury awarded plaintiff compensatory damages in an amount of $250,000, and punitive damages in an amount of $500,000 against each of the defendants for a total award of $1.5 million.  *Id*.  On March 30, 2023, this Court granted defendants' motions for remittitur, finding that the compensatory and punitive damages awards were excessive; the Court granted a new trial on the issue of damages only, unless plaintiff accepted a remittitur of the damages awarded.  Dkt. 143.  The Court determined that compensatory damages awarded should be reduced from $250,000 against each defendant to $125,000 per defendant, and the punitive damages awarded should be reduced from $500,000 against each defendant to $250,000 per defendant for a total award of $750,000 (*i.e.*, $250,000 in total compensatory damages and $500,000 in total punitive damages).  *Id*.  On April 17, 2023,

---

[2] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

plaintiff accepted the Court's remittitur of the damages, Dkt. 147, and on May 4, 2023, the Court entered an amended judgment in accordance with plaintiff's acceptance of the remittitur.  Dkt. 149.

On May 15, 2023, plaintiff renewed his motion for attorney's fees and costs.  Dkt. 151. Plaintiff seeks attorney's fees in the amount of $339,240 for merit hours billed, $26,966.50 for preparing the attorney's fee petition, and $5,477.52 in costs for a total of $371,684.02.  Dkt. 151 at ECF pages 2-3.  Plaintiff seeks attorney's fees for 616.8 hours of work in addition to 49.03 hours spent preparing the fee petition.  Dkt. 151-3 (Ex. C to Mot. for Attorney's Fees or "Billing Records").  Plaintiff seeks reimbursement at an hourly rate of $550 per hour.  Dkt. 151 at ECF page 12.  On June 3, 2023, defendants jointly opposed plaintiff's motion.  Dkt. 153 ("Defs.' Opp.").  On June 9, 2023, plaintiff filed a reply in support of his motion.  Dkt. 154 ("Pl.'s Reply").

## Legal Standard

Although the "American Rule" generally requires each party to bear its own attorney's fees, courts may award attorney's fees where there is explicit statutory authority to do so. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602-03 (2001); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994).  Section 1988(b) provides this explicit statutory authority:  "In any action or proceeding to enforce a provision of [Section 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).

Courts have broad discretion to determine the amount of attorney's fees awarded, and the party requesting fees must submit documentation to support its request.  *See Mahoney v. Amekk Corp.*, No. 14-CV-4131, 2016 WL 6585810, at *18 (E.D.N.Y. Sept. 30, 2016), *report and*

*recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).  Courts rely on "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award."  *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298 (E.D.N.Y. 2009) (quotation and citation omitted).

The typical method for determining the amount of reasonable attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"— referred to as the lodestar method.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This method "provides an objective basis on which to make an initial estimate of the value of a lawyer's services," *id.*, and creates a "presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

When assessing whether the presumptively reasonable fee is ultimately reasonable, a court must "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorneys' fees . . . ."  *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted).  Courts evaluate the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits.  *See id.*, 575 F.3d at 174-76.  To obtain an award of attorney's fees, plaintiff has the "burden of proving the reasonableness and the necessity of the hours spent and rates charged."  *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015).  They must provide "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done."  *N.Y.S. Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

**Discussion**

**A.      Plaintiff is the Prevailing Party**

Here, plaintiff is the prevailing party as evidenced by the jury's verdict entered on April

1, 2022.  Dkt. 113.  The Court's remittitur of damages and plaintiff's acceptance of the remittitur

further supports plaintiff's status as the prevailing party.  Dkt. 143.  As a prevailing party,

plaintiff is entitled to "reasonable attorney's fee[s]" and "costs" as explicitly provided by statute.

42 U.S.C. § 1988(b).  Defendants do not dispute that plaintiff is the prevailing party and that

reasonable attorney's fees and costs are compensable.  However, defendants challenge the

amount of the attorney's fees the Court should award plaintiff, as the prevailing party.  *See*

*generally* Defs.' Opp.

**B.      Plaintiff Is Entitled to Reasonable Attorney's Fees**

**1.      Reasonable Hourly Rate**

Plaintiff seeks an award of attorney's fees calculated at a rate of $550 per hour on behalf

of work performed by his former counsel, Roger Archibald ("Archibald"), a solo firm

practitioner.[3]  *See* Dkt. 151 at ECF page 16.

Archibald is a graduate of Brooklyn Law School with more than 30 years of experience

litigating civil rights cases.  Dkt. 151-4 (Ex. D to Mot. for Attorney's Fees) at ECF page 2.  He

founded his own law firm more than 25 years ago and has worked as a solo practitioner on a

variety civil rights, personal injury, and medical malpractice cases.  *Id.*

A reasonable hourly rate represents "what a reasonable, paying client would be willing to

---

[3] On March 17, 2023, the Court granted the motion to substitute Lennon C. Edwards
("Edwards") for Roger V. Archibald as counsel for plaintiff.  *See* Order dated March 17, 2023.
Archibald handled all pretrial matters in this action, trial and briefing on the post-trial motions.
Edwards began representing plaintiff in this action after the filing of the post-trial motions and
first motion for attorney's fees.

pay." *Arbor Hill*, 522 F.3d at 184.  The Court typically relies on the "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citation omitted). Specifically, the Court looks to similar cases in the district in which the court sits.  *See id*.  The Court considers "(1) rates awarded in prior cases; (2) its own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Sevilla v. House of Salads One*, No. 20-CV-6072, 2022 WL 954740, at *11 (E.D.N.Y. Mar. 30, 2022) (citation omitted).

Courts in this district have generally awarded fees in the Eastern District of New York at an hourly rate of $200 to $450 per hour for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates.  *Crews v. County of Nassau*, No. 06-CV-2610, 2019 WL 6894469, at *7 (E.D.N.Y. Dec. 18, 2019).  "Ultimately, however, in light of the numerous factors that courts in this circuit consider to determine a reasonable hourly rate, the range of reasonable attorney fee rates in this district depends on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Id*. (internal quotation marks and citations omitted).

Reasonable hourly rates for "experienced attorneys" in "civil rights cases" range from $300 to $400.  *See Dancy v. McGinley*, 141 F. Supp. 3d 231, 238 (S.D.N.Y. 2015); *see also Munoz v. Manhattan Club Timeshare Ass'n, Inc.*, No. 11-CV-7037, 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) (finding $400 per hour reasonable for an experienced civil rights litigator with nearly twenty years of experience); *Martinez v. Port Auth. of N.Y. & N.J.*, No. 01-CV-721, 2005 WL 2143333, at *26 (S.D.N.Y. Sept. 2, 2005) (awarding rates of $400 and $325 per hour to experienced attorneys with approximately twenty years of experience litigating constitutional claims and police misconduct cases); *New York State Nat'l Org. for Women v.*

*Pataki*, No. 93-CV-7146, 2003 WL 2006608, at *2 (S.D.N.Y. Apr. 20, 2003) (awarding a rate of $430 per hour and $400 per hour to experienced civil rights litigators).

An award should generally exceed $400 per hour where the case is "unusually difficult and complex." *E.S. & M.S. v. Katonah Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 430 (S.D.N.Y. 2011).  However, in certain instances, even where the court determines that a case is "relatively uncomplicated," hourly rates as high as $450 have been deemed reasonable. *Dancy*, 141 F. Supp. 3d at 238.

The Court finds plaintiff's attorney's requested rate of $550 per hour to be unreasonable in light of the current practices of the Eastern District of New York.  While Archibald has extensive litigation experience that he employed in the representation of his client, there is no evidence that the facts or issues of law in this case were uniquely complicated when compared to other similarly situated excessive force cases. *C.f. Dancy*, 141 F. Supp. 3d at 238-39 (in which the Court held that $450 per hour was a reasonable rate on a motion for attorney's fees in civil rights case).  Accordingly, a reasonable hourly rate of $450 will be awarded.

### 2.      Reasonable Number of Hours Expended

Plaintiff seeks attorney's fees for 616.8 hours of work performed in this action (referred to by plaintiff as "merit hours"), plus an additional 49.03 hours of work spent preparing the motion for attorney's fees. *See* Billing Records, Dkt. 151-3.[4]  When evaluating the

---

[4] Plaintiff's reply brief requests additional fees for time spent responding to defendants' opposition and Rule 59 motion, which would bring the total merit hours to 646.8.  *See* Pl.'s Reply at ECF page 8.  However, these additional hours are not detailed in plaintiff's Billing Records, even though plaintiff had an opportunity to update the records as part of the *renewed* motion for attorney's fees.  *Compare* Dkt. 131 *with* Dkt. 151.  Further, plaintiff's description of the additional hours are exceptionally vague.  *See Carey*, 711 F.2d at 1148 (requiring contemporaneous time records specifying "the date, the hours expended, and the nature of the work done").  Accordingly, the Court disregards the additional hours of work requested in plaintiff's reply brief.

reasonableness of the hours spent, the Court "examines the particular hours expended by counsel with a view to the value of work product of the specific expenditures to the client's case." *Aiello v. Town of Brookhaven*, No. 94-CV-2622, 2005 WL 1397202, at *2 (E.D.N.Y. June 13, 2005) (citing *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)). This consideration is measured by "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Torres v. Blass*, No. 12-CV-3603, 2013 WL 6064116, at *2 (E.D.N.Y. Nov. 20, 2013) (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). Courts exclude hours that are "excessive, redundant or otherwise unnecessary" to the litigation. *See Aiello*, 2005 WL 1397202, at *2 (citing *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

When evaluating the reasonableness of the hours expended, Courts consider the "degree of success" obtained by the plaintiff. *See Khan v. HIP Centralized Lab. Servs., Inc.*, No. 03-CV-2411, 2009 WL 2259643, at *2 (E.D.N.Y. July 29, 2009) (citing *Hensley*, 461 U.S. at 436). One measure of the "degree of success" achieved is the amount of damages recovered. *See Hensley*, 461 U.S. at 436. As noted in *Hensley*, Courts should award attorneys their full fee if they achieve excellent results for the client. *See id.*, 461 U.S. at 435. When a plaintiff recovers less than all the relief sought, but the relief obtained is still substantial, a fee award based on all hours reasonably expended may still be appropriate if the damages award justifies the expenditure of attorney time. *See id.* at 435 n.11. However, the Court may consider, as necessary and appropriate, a reduction of the lodestar amount if the plaintiff recovers minimal damages that fall short of the relief sought. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley*, 461 U.S. at 434. There is no formula for determining the extent to which a lodestar should be reduced to account for a plaintiff's limited success. *See Hensley*, 461 U.S. at 436.

8

Here, plaintiff's success was not "limited." The jury found in favor of plaintiff and awarded him a significant recovery of $1.5 million in damages. Dkt. 113. The Court ultimately remitted plaintiff's award of the compensatory damages from $250,000 against each defendant to $125,000 per defendant, and the punitive damages awarded from $500,000 against each defendant to $250,000 per defendant for a total award of $750,000. Dkt. 143. In light of plaintiff's success and the substantial damages award, this Court does not find a reduction based on this factor warranted. *Hensley*, 461 U.S. at 433 ("[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").

The Court finds plaintiff's attorney expended a reasonable amount of time on this case. Having reviewed the time records submitted by plaintiff, Dkt. 151-3, which detail the tasks plaintiff's counsel performed, the date on which each task was completed, and the amount of time spent, this Court is satisfied that counsel sufficiently documented the number of hours billed. The Court notes that plaintiff's records demonstrate that a significant amount of time was spent on discovery-related tasks. *See generally* Billing Records. It is a "a routine phase of litigation." *Li Rong Gao v. Perfect Team Corp.*, No. 10-CV-1637, 2017 WL 9481011, at *18 (E.D.N.Y. Jan. 11, 2017), *report and recommendation adopted*, 2017 WL 1857234 (E.D.N.Y. May 8, 2017). "[W]ithout discovery, parties would not be able to evaluate whether trial is proper given the particular set of facts involved, nor would they know what evidence they would present." *Id*. Thus, undertaking discovery is necessary and reasonable for a case that ultimately results in a favorable decision at trial.

Additionally, plaintiff's counsel spent significant time preparing for trial. A four-day trial commenced in this case on March 29, 2022, after approximately five years of litigation. *See*

Minute Entries dated 3/29/2022, 3/30/2022, 3/31/2022, 4/1/2022.  Typically, in cases that are brought to trial in the Second Circuit, the number of hours sought or awarded range significantly above and below the 616.8 hours sought here (plus the 49.03 hours spent preparing plaintiff's motion for attorney's fees), but are generally below 1,000 hours.  *See Knox v. John Varvatos Enters. Inc.*, 520 F. Supp. 3d 331, 346 (S.D.N.Y. 2021), *aff'd sub nom. Chaparro v. John Varvatos Enters., Inc.*, No. 21-CV-446, 2021 WL 5121140 (2d Cir. Nov. 4, 2021) (finding that attorney's fees sought for more than 2,000 hours of work was unreasonable under the circumstances); *see generally Figueroa v. KK Sub II, LLC*, 2019 WL 1109864, at *13 (W.D.N.Y. Mar. 11, 2019) (889.25 hours awarded in Title VII sexual harassment case with five-day jury trial); *Leevson v. Aqualife USA, Inc.*, 296 F. Supp. 3d 503, 526 (E.D.N.Y. 2017) (858.25 hours awarded for FLSA case with four-week jury trial), *aff'd in relevant part*, 770 F. App'x 577 (2d Cir. 2019); *Yue Ping Sun v. Buffet Star of Vestal Inc.*, No. 14-CV-912, 2017 WL 11296886, at *3 (N.D.N.Y. June 21, 2017) (request for 299.4 hours in FLSA collective action case with jury trial in four-day period reduced by 15 percent due to billing record deficiencies); *Abel v. Town Sports Int'l, LLC*, No. 09-CV-10388, 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012) (437.52 hours awarded in race discrimination case with 7-day jury trial); *Lynch v. Town of Southampton*, 492 F. Supp. 2d 197, 208 (E.D.N.Y. 2007) (476.75 hours awarded for five attorneys, two support staff, and what appears to have been "five days of trial" in § 1983 suit); *Petrovits v. New York City Transit Auth.*, No. 95-CV-9872, 2004 WL 42258, at *6 (S.D.N.Y. Jan. 7, 2004) (885.22 hours for two attorneys in six-day gender discrimination jury trial).  Accordingly, the Court finds the 616.8 hours sought in this case as well as the 49.03 hours spent preparing the motion for attorney's fees to be within a reasonable range.

In addition, plaintiff and defendants agree that plaintiff's counsel's travel hours should be

reduced by half.  *See* Defs.' Opp. at ECF page 11; Pl.'s Reply at ECF page 7.  Plaintiff's billing

records include two entries for travel:  11/13/2018 and 11/14/2018.  Dkt. 151-3 (Billing Records)

at ECF page 11.  During this time, Archibald traveled to Ossining from Brooklyn to "attend Mr.

Shuford's examination before trial."  Pl.'s Reply at ECF page 7.  Plaintiff's reply accounts for

one hour of travel time each way.  *Id.*  However, the Billing Records recorded 2.75 hours for the

drive on 11/13/2018 while the drive time for the return trip on 11/14/2018 was not specified.

Dkt. 151-3 (Billing Records) at ECF page 11.  Assuming the drive time is roughly the same in

both directions, plaintiff billed 2.75 hours to travel on 11/13/2018 and 2.75 hours on 11/14/2018.

Plaintiff's merit hours billed is therefore reduced by plaintiff to 614.05 hours (616.8 - 2.75).

Based on the Court's review of the billing records (Dkt. 151-3), the Court finds the

**663.08** (614.05 + 49.03) hours spent on this case to be reasonable.

### 3.    Adequacy of Records

Plaintiff's counsel submitted inadequate billing records in support of his fee petition.

Where "documentation of hours is inadequate, the district court may reduce the award

accordingly."  *Aiello*, 2005 WL 1397202, at \*2.  Because "it is unrealistic to expect a trial judge

to evaluate and rule on every entry in an application," the Court applies across-the-board

percentage cuts in these cases.  *Id*. (citation omitted).  However, counsel is not required to record

entries that "describe in great detail how billable time was spent; it is sufficient to identify the

general subject matter of time expenditures."  *Id.*  In the case of entries with vague descriptions,

"courts may attempt to decipher them by reference to the context in which these entries occur [to

determine] what work was involved."  *Id*. (citation omitted).

This Court has reviewed the billing records (Dkt. 151-3) and finds the entries lack

sufficient detail and description.  While the entries include the time expended on each task and a

description of the nature of the work performed, counsel failed to document sufficiently a division of time allotted for each task when working on multiple tasks—*i.e.*, block billing. *See generally* Billing Records, Dkt. 151-3.

For example, on 10/20/2017, plaintiff's counsel billed 12.75 hours for "[p]repar[ing] initial draft of complaint naming the City of New York, NYC Dept. of Corrections and Correctional officers Cardoza and Nervil as defendants; [i]nterpos[ing] 6 causes of action under both section 1981 and 1983." Dkt. 151-3 at ECF pages 2-3 (10/20/2017 entry).

In addition, on 10/27/2018, plaintiff's counsel billed 7.5 hours for "[r]eview[ing] and organiz[ing] the following in prep for plaintiff upcoming EBT:  1. Client Intake, Notes 2. Complaint, 3. Interrogatories responses, 4. Defendant[']s document production, 5. Plaintiff's medical records, 6. Video Tapes of the Subject Incident." Dkt. 151-3 at ECF page 11 (10/27/2018 entry).

In another instance, on 3/31/2022, plaintiff's counsel "[a]ttended trial today, conducted direct and redirect examination of Plaintiff Tyreek Shuford," "Reviewed trial transcript of Plaintiff Shuford," and "Prepared Plaintiff's closing argument." Dkt. 151-3 at ECF page 31 (3/31/2022 entry).  For these activities, plaintiff's counsel billed 16.5 hours. *Id*.

These block-billed entries fail to distinguish how the expended time was divided between individual tasks, warranting a reduction in fee allotment. *See Monette v. Cnty. of Nassau*, No. 11-CV-539, 2016 WL 4145798, at *7 (E.D.N.Y. Aug. 4, 2016) (collecting cases and applying 20 percent reduction for, *inter alia*, block billing).  Significantly, plaintiff's counsel's March 31, 2022 entry cited above demonstrates block billing of tasks completed at trial with those completed outside the confines of trial.  Dkt. 151-3 at ECF page 31 (3/31/2022 entry).  These examples of block billing are repeated throughout plaintiff's counsel's time records, preventing

the Court from ascertaining the reasonableness of the time expended on these tasks, as well as a variety of other tasks included in the 33 pages of billing records submitted by plaintiff. *See generally* Billing Records, Dkt. 151-3.

Accordingly, the Court finds plaintiff's allotted attorney's fees should be reduced by **10 percent**. Since the Court has already reduced the number of hours billed to 663.08 (614.05 merit hours plus 49.03 hours preparing the motion for attorney's fees), and determined these hours to be reasonably billed at a rate of $450 per hour, this Court awards plaintiff **$268,547.40** in attorney's fees (663.08 x $450 = $298,386; $298,386 x 0.9 = $268,547.40).

### C.    Costs

An award of attorney's fees should "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Loc. 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp. 2d 585, 591 (E.D.N.Y. 2011) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). The Court includes in its award calculations any costs that were "incidental and necessary to the litigation." *Id.* (citation omitted).

Plaintiff seeks reimbursement for $5,477.52 in costs. *See* Dkt. 151-3 at ECF page 34. A total of $5,196.52 of these costs include postage fees, court filing fees, service fees, and photocopy and trial transcript fees. *See id.* Courts in the Eastern District have held that these costs are reasonable and recoverable in attorney's fees awards. *See, e.g.*, *Loc. 531 Pension Fund*, 818 F. Supp. 2d at 591 (granting plaintiff's motion for $524.43 in costs for "court filing fees, process server fees, and two small charges for delivery services"); *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (holding that costs "relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable"); *see also* Local Civil Rule 54.1(10) (Taxable Costs) ("Docket fees . . . and process

13

server, are taxable . . . .").  Accordingly, this Court finds that the costs in the amount of $5,196.52 requested by plaintiff are reasonable.

In addition, plaintiff requests a total of $281 in costs related to travel, including costs for a hotel in Ossining, New York ($195), gas mileage ($60), and tolls ($26).  Dkt. 151-3 at ECF page 34.  Plaintiff's attorney explains that he traveled to Sing Sing Correctional Facility in Ossining, New York for plaintiff's deposition.  Dkt. 151-2 at ¶ 7.

Courts in the Second Circuit have held that "[a]n award of lodging expenses is not warranted" especially when an attorney is "sited within a reasonable distance of the [] location" and "could commute."  *See M.M. v. New York City Dep't of Educ.*, No. 20-CV-6915, 2022 WL 3043218, at *11 (S.D.N.Y. Aug. 2, 2022); *M.D. v. New York Dep't of Educ.*, No. 20-CV-6060, 2021 WL 3030053, at *6 (S.D.N.Y. July 16, 2021).  Archibald's office, located at 26 Court Street, is approximately 38.9 miles from Sing Sing Correctional Facility, and the facility is accessible from counsel's office via public transportation.  Accordingly, lodging expenses are not appropriate for reimbursement.  The Court, however, will award plaintiff the full requested amount for mileage and tolls associated with travel to Sing Sing Correctional Facility.  The Court finds costs for gas mileage ($60), and tolls ($26) to be reasonable, but does not award lodging costs ($195) requested by plaintiff.

The Court, therefore, awards plaintiff costs of **$5,282.52** ($5,477.52 - $195) for postage fees, court filing fees, service fees, and photocopy and trial transcript fees, as well as gas mileage and tolls.  The Court does not award plaintiff costs associated with lodging.

## Conclusion

For the forgoing reasons, this Court grants plaintiff's motion for attorney's fees and costs to the extent set forth herein.  Plaintiff's counsel is entitled to reasonable attorney's fees in the amount of **$268,547.40** and costs in the amount of **$5,282.52**.

The Clerk is requested to enter this Memorandum and Order into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
February 28, 2024

<div style="margin-left:40%">

s/ James R. Cho
James R. Cho
United States Magistrate Judge

</div>